**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

BEVERLY S. GRAY, et al.,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:10-cv-01056

HAWKEYE CONTRACTING COMPANY, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the plaintiff's Motion to Remand Case to the Circuit Court of Boone County, West Virginia [Docket 10].  For the reasons appearing below, the plaintiff's Motion to Remand Case to the Circuit Court of Boone County, West Virginia is **DENIED**.

**I.**        **Background**

This case arises out of a wrongful death action initiated by the plaintiff, Beverly Gray, in the Circuit Court of Boone County, West Virginia against the defendants Hawkeye Contracting Company, LLC ("Hawkeye"),  Catenary Coal Company, LLC ("Catenary"), and Appalachian Security, Inc. ("Appalachian").  Beverly Gray's late husband, Mark Gray, was an employee of the defendant, Hawkeye, an independent contractor for Catenary.  Appalachian is a security firm employed by Catenary.  Catenary hired Hawkeye to construct two sediment ponds at Catenary's samples mine in Boone County, West Virginia and Mr. Gray was assigned to this project.  On July 28, 2009, Mr. Gray was directed to move debris from one of the sediment ponds to another location using a Volvo articulated off-road dump truck.  After picking up a load of sediment, Mr. Gray began

operating his truck in reverse, backing around the sediment pond to get to the dump site. While driving around the sediment pond in reverse, Mr. Gray backed his truck through a berm and into the sediment pond. Mr. Gray was submerged under the water and was killed in the accident.

After the accident, an autopsy was performed on Mr. Gray by the West Virginia Office of the Chief Medical Examiner and the autopsy report indicates that Mr. Gray had a blood alcohol concentration of .08%. The plaintiff filed a claim for Workers' Compensation Benefits, which was denied because Mr. Gray was intoxicated at the time of the accident. The plaintiff appealed this decision to the Office of Judges, and the appeal was still pending when she filed this suit.

On June 9, 2010, the plaintiff filed suit against Hawkeye, Catenary, and Appalachian in the Circuit Court of Boone County, West Virginia alleging a cause of action against Hawkeye under West Virginia's deliberate intent statute, W. Va. Code § 23-4-2, and a negligence cause of action against all three defendants. Specifically, the plaintiff alleges, under the deliberate intent statute, that Hawkeye knew that Mr. Gray had been intoxicated on the job on several prior occasions, but Hawkeye failed to discipline Mr. Gray or take other precautions. The plaintiff asserts that by ignoring Mr. Gray's intoxication, Hawkeye "violated the West Virginia Code § 23-4-2(d)(2)(i) in that it consciously, subjectively, and deliberately formed the intention to produced the specific result of the fatal injuries of Mark Gray." (Pl.'s Compl. at 5.) The plaintiff's negligence cause of action asserts that Catenary, Hawkeye, and Appalachian each breached its duty to provide a reasonably safe place of employment and these breaches caused Mr. Gray's death.

On August 27, 2010, the three defendants jointly removed the action to this court pursuant to 28 U.S.C. § 1441 on the grounds of diversity of citizenship under 28 U.S.C. § 1332. The defendants assert that (1) the plaintiff is a citizen of West Virginia; (2) the defendant Hawkeye is

a citizen of Kentucky; (3) the defendant Catenary, via its ultimate parent Patriot Coal, is a citizen of Delaware and Missouri; (4) the defendant Appalachian is a citizen of Kentucky; and (5) the amount in controversy exceeds $75,000. The plaintiff then filed a Motion to Remand Case to Circuit Court of Boone County [Docket 10].

## II.     Legal Standard for Remand

A Notice of Removal need only contain "a short and plain statement of the ground of removal"; the pleading standard is the same as that imposed on a plaintiff in drafting an initial complaint. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199-200 (4th Cir. 2008). But when challenged, "'[t]he party seeking removal bears the burden of demonstrating that removal jurisdiction is proper.'" *Id.* (quoting *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006)); *see also Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) ("The burden of demonstrating jurisdiction resides with 'the party seeking removal.'" (quoting *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994))). Congress intended to "restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). Courts must construe removal jurisdiction strictly "because of the 'significant federalism concerns' implicated." *Dixon*, 369 F.3d at 816 (quoting *Mulcahey*, 29 F.3d at 151). "Therefore, '[i]f federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Id.*

A federal district court has original jurisdiction of all actions between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). For purposes of determining whether a federal court possesses subject matter jurisdiction based on diversity of citizenship, a corporation is deemed "to be a citizen of any State by which it has been incorporated

and of the State where it has its principal place of business." Id. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of each of its members. *Shonk Land Co., LLC v. Ark Land Co.*, 170 F. Supp. 2d 660, 661-62 (S.D. W. Va. 2001). Here, because the sole member of the defendant Catenary Coal Company, LLC, is the Patriot Coal Corporation, the citizenship of Catenary is based on Patriot Coal's state of incorporation and principal place of business.[1]

The determination of a corporation's principal place of business is a preliminary question of fact to be decided by the district court. *See Sligh v. Doe*, 596 F.2d 1169, 1171 (4th Cir.1979); *Mitchell v. Monongahela Power Co.*, 602 F. Supp. 756, 758 (S.D. W. Va.1985). "The statute establishing diversity jurisdiction is to be strictly construed and all doubts are to be resolved against federal jurisdiction." *Frontier Energy Corp. v. Broda*, 882 F. Supp. 82, 85 (N.D. W. Va.1995). When allegations of jurisdictional facts are challenged, the party seeking to enter federal court bears the burden of proving the facts giving rise to the jurisdiction. *See Mitchell*, at 758.

The United States Supreme Court, "in an effort to find a single, more uniform interpretation of the statutory phrase [principal place of business]," recently set out the proper test for determining a corporation's principal place of business. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). A corporation's principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* "And in practice it should normally be the place where the corporation maintains its headquarters — provided that the headquarters is the

---

[1] It is undisputed that, "Catenary Coal Company's sole member is Vipor, LLC, whose sole member is New Trout Holdings II, LLC, whose sole member is Magnum Coal Company, LLC, whose sole member is Patriot Coal Corporation." (Defs.' Notice of Removal at 3.)

actual center of direction, control, and coordination, *i.e.,* the 'nerve center,' and not simply an office where the corporation holds its board meetings." *Id.*

## III. Discussion of Remand

The parties do not dispute that the plaintiff is a West Virginia citizen and that Patriot Coal is incorporated in Delaware.[2] In dispute is Patriot's principal place of business, which the defendants assert is Missouri and the plaintiff claims is West Virginia. If the plaintiff's contention is correct, then the parties are not diverse and there is no basis for federal jurisdiction. Accordingly, this court must determine the location of Patriot's principal place of business.

The defendants assert that Patriot's principal place of business is clearly Missouri because Patriot maintains its corporate office in Missouri and "nearly every corporate decision or corporate policy either starts in Missouri or passes through Missouri before it becomes finalized." (D. Catenary Coal Co.'s Mot. for Leave to File Surreply, at 3-4.) The defendants rely heavily on this court's prior ruling in *Young v. E. Associated Coal*, No. 08-327 (S.D. W. Va. Aug. 14, 2008) (denying a similar Motion to Remand after finding that Patriot Coal's principal place of business was Missouri). The plaintiff asserts, however, that since that ruling, both the underlying facts and the legal standard for determining a corporation's principal place of business have changed.

As to the factual differences, the plaintiff asserts Patriot has moved its operational headquarters from Missouri to Charleston, West Virginia, but this court specifically noted in 2008 that "Patriot's Operations Headquarters is in West Virginia." The presence of Patriot's operational headquarters in West Virginia was not significant enough, given all of the other factors, for this

---

[2] The plaintiff challenges diversity jurisdiction solely on the lack of diversity between the defendant, Patriot Coal, and the plaintiff. The plaintiff asserts that she cannot determine the citizenship of either of the other defendants. (Pl.'s Mot. to Remand at 2-3.)

court to find that Patriot's principal place of business was in West Virginia. The plaintiff also asserts that Patriot's President and Chief Operating Officer, Paul Vining, now resides in West Virginia and emphasizes the high percentage of Patriot's mining operations that now take place in West Virginia as a result of Patriot's acquisition of Magnum Coal. Patriot does not challenge these assertions, but, even if they are true, these facts are not relevant to this inquiry after *Friend*, because a corporation's principal place of business is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Friend,* at 1193.

The Supreme Court suggested that the strict nerve center approach may be inappropriate where "the record reveals attempts at manipulation — for example, that the alleged "nerve center" is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat." *Friend,* at 1195. Patriot's corporate headquarters is in Missouri, Patriot stores corporate records in Missouri, and Patriot holds both annual shareholder and special meetings in Missouri. Missouri is undisputably where Patriot's officers direct, control, and coordinate the corporation's activities and not merely a sham location established to "permit jurisdictional manipulation." *Id.* Accordingly, the court **FINDS** that Patriot's principal place of business is Missouri.

### IV.   Conclusion

The court **FINDS** that Patriot Coal Corporation is incorporated in Delaware with its principal place of business in Missouri. As Patriot Coal Corporation is the sole member of the defendant Catenary Coal Company, LLC, the court **FINDS** that Catenary Coal Company, LLC is a citizen of both Delaware and Missouri. Therefore, because complete diversity exists between the parties and the amount in controversy exceeds $75,000, this court possesses subject matter jurisdiction over the

action under 28 U.S.C. § 1332. Accordingly, the plaintiff's Motion to Remand Case to the Circuit Court of Boone County, West Virginia [Docket 10] is **DENIED**. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: October 15, 2010

Joseph R. Goodwin, Chief Judge