IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BEVERLY S. GRAY, et al.,

        Plaintiffs,

v.                                             CIVIL ACTION NO.   2:10-cv-01056

CATENARY COAL COMPANY, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the plaintiff's Petition to Compromise and Settle Death Claim and for an Order of Distribution [Docket 112].

Under West Virginia law, settlement in a wrongful death case must be approved by the court. W. VA. CODE § 55-7-7; *Stone v. Transp., Inc.*, 10 F. Supp. 2d 602, 604 (S.D. W. Va. 1998); *Estate of Postlewait v. Ohio Valley Med. Ctr., Inc.*, 214 W.Va. 668, 673–74 (2003). The plaintiff has filed a petition seeking court approval of the settlement of this wrongful death action, which involves a minor beneficiary. The petition is redacted so that it does not to disclose the amount of the settlement. No motion to seal or to maintain the confidentiality of the settlement agreement has been filed.

There is a presumption of public access to court documents "so that the public can judge the product of the courts in a given case." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). The right of public access derives from two sources: the common law and the First Amendment. Under the common law, there is a presumption of public access to all judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589,

597 (1978); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents may be sealed if the public's right of access is outweighed by competing interests. *Nixon*, 435 U.S. at 598–99.  However, in such a case "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."  *Va. Dep't. of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004).

In this case, the court must approve the settlement agreement and distribution thereof. However, the parties have not presented any argument or evidence to support permitting the redacted information to remain private.  Accordingly, I decline to approve the redacted settlement agreement.  *See, e.g.*, *Hall v. Beverly Enters.-West Virginia, Inc.*, 2010 WL 4813307 (Nov. 19, 2010); *Hill v. Kenworth Truck Co.*, 2008 WL 4058426 (S.D. W. Va. Aug. 26, 2008).  The court will schedule a hearing and appoint a guardian ad litem promptly upon submission of a publicly available version of the settlement agreement.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     March 2, 2012

Joseph R. Goodwin, Chief Judge